IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF EAST ST. LOUIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MONSANTO CORPORATION,<br><br>　　　　Defendant. | Case No. 3:21-CV-233<br><br>Removal from the Circuit Court of<br>St. Clair County, Illinois<br>Case No. 21-OV-0000277<br><br>JURY TRIAL DEMANDED |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Monsanto Company[1] ("Defendant") hereby removes the above-styled civil action to this Court from the Circuit Court of St. Clair County, Illinois. Defendant removes this action on the grounds of diversity jurisdiction because there is complete diversity of citizenship between Plaintiff, the City of East St. Louis ("Plaintiff"), and Defendant, and the amount in controversy exceeds $75,000. In support of this removal, Defendant states as follows:

**I.   BACKGROUND**

1.   Plaintiff filed this civil action in the Circuit Court of St. Clair County, Illinois, Case No. 21-OV-0000277, along with two other cases (21-OV-0000282 and 21-OV-0000276), which Defendant is removing contemporaneously with this Notice.[2] These three actions allege that Defendant violated various nuisance-related provisions of the East St. Louis City Code, specifically Sections 50-78, 62-45, and 94-91 of the Code, and allegedly contaminated a number of real estate parcels with polychlorinated biphenyls ("PCBs"). Plaintiff's three separate actions,

---

[1] Plaintiff improperly refers to Defendant as Monsanto Corporation. Defendant's legal name is Monsanto Company.

[2] Three citations were also issued to Pharmacia LLC, alleging identical ordinance violations occurring on identical properties during the exact same time frame (St. Clair County, IL Case Nos. 21-OV-0000275, 21-OV-0000278, 21-OV-0000280). Pharmacia LLC is removing those cases contemporaneously with this Notice by Defendant Monsanto.

1

including this action, seek a recovery for the same alleged contamination of the identical real estate parcels. Plaintiff seeks the remedy of abatement and/or payment of monetary fines. Plaintiff served Defendant with three citations, one for each action, on **February 3, 2021**.

2.  A true and correct copy of the state court file, as of the date of this filing, is attached hereto as **Exhibit 1**. Defendant is unaware of the existence of any process, pleadings, or orders other than the documents included in the exhibits attached hereto.

3.  Defendant is a corporation organized and existing under the laws of the state of Delaware, and its principal place of business is in Missouri. Accordingly, Defendant is a citizen of Delaware and Missouri for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

4.  Plaintiff, the City of East St. Louis, is a municipality within the state of Illinois.

5.  Accordingly, Plaintiff is a citizen of the state of Illinois for diversity jurisdiction purposes.

6.  Plaintiff alleges Defendant violated Sections 50-78, 62-45, and 94-91 of the East St. Louis City Code by allegedly dumping, depositing, or otherwise discarding polychlorinated biphenyls (PCBs) on hundreds of separately-identified parcels of real estate "located within the City of East St. Louis, and described on the attached Exhibit A." *See* Exhibit 1, Citations 0926751, 0926754, and 0926757 at pp. 2, 19, 36). Altogether, Plaintiff's spreadsheet contains 373 separate rows of property descriptions. Some of the property descriptions may be duplicates; however, no fewer than 153 unique parcels and 22 right of way segments are identified on the Plaintiff's spreadsheet as affected properties. *See* Affidavit of Brian R. Hitchens, attached hereto as **Exhibit 2.**

7.  Plaintiff has demanded a trial by jury. *See* Exhibit 1, Citations 0926751, 0926754, and 0926757 at pp. 2, 19, 36).

8. Based upon Plaintiff's allegations, and the relevant Sections of the East St. Louis City Code, Plaintiff seeks for each unique parcel the remedy of abatement by Defendant and/or monetary in the amount of $750 for each property (Plaintiff appears to be seeking either a one-time payment for each property or a payment for each property each day of an alleged violation):

- Case No. 21-OV-0000277 alleges a violation of Section 50-78. Plaintiff seeks monetary damages in the amount of $750 per day for each property and/or abatement of each property.

- Case No. 21-OV-0000282 alleges a violation of Section 94-91. Plaintiff seeks monetary damages in the amount of $750 for each property.

- Case No. 21-OV-0000276 alleges a violation of Section 62-45. Plaintiff seeks monetary damages in the amount of $750 per day for each property and/or abatement of each property.

9. Given the number of lots and blocks of properties at issue in this civil action (373 in all), as well as the amount of the monetary damages sought by the Plaintiff, upon information and belief, the amount in controversy is no less than $279,750. Even if the actual number of properties at issue were fewer than 373 (e.g., 153 unique parcels and 22 right of way segments), the total payment amount sought by Plaintiff would still exceed $75,000. Finally, the remedy of abatement would also – independently – eclipse the jurisdictional threshold of $75,000. See Exhibit 2. Therefore, the amount in controversy exceeds $75,000.

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**

10. Complete diversity of citizenship exists between Plaintiff, a resident of the State of Illinois, and Defendant, a resident of the States of Missouri and Delaware.

11. Furthermore, the amount in controversy exceeds $75,000.

12. Therefore, removal is proper, pursuant to 28 U.S.C. §§ 1332 and 1441.

13. Finally, the three actions described herein are properly considered one action. They arise from identical allegations of contamination to identical parcels of real estate. Under Illinois law, a plaintiff may not split its cause of action into separate pieces. Had the Plaintiff here not improperly split its claims, these claims would exist in the same lawsuit. Thus, even though the Court has original jurisdiction over this specific action pursuant to 28 U.S.C. § 1332, this Court is also authorized, under 28 U.S.C. § 1367, to retain supplemental jurisdiction over this action, where the Court has original jurisdiction over the two additional claims brought by and against the same parties that are part of the same case or controversy.

### III.  THE REMOVAL REQUIREMENTS OF 28 U.S.C. §§ 1441 AND 1446 ARE MET

14. This Notice of Removal is properly filed in the United States District Court for the Southern District of Illinois because the Circuit Court of St. Clair County is located within the Southern District of Illinois. Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

15. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

16. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of service.

17. Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process documents, pleadings and orders filed with the court by Plaintiff with respect to this action. *See* Exhibit 1.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy, along with a Notice to Clerk of Removal, will be promptly filed with the Clerk of the Circuit Court of St. Clair County, State of Illinois.

## IV. CONCLUSION

Defendant Monsanto Company respectfully removes this action from the Circuit Court of St. Clair County, Illinois to the United States District Court for the Southern District of Illinois.

Dated: March 1, 2021

Respectfully submitted,

**CAPES SOKOL**

By: /s/ Adam E. Miller
Adam E. Miller, #6206249
Katherine D. Landfried, #6328549
8182 Maryland Ave., 15th Floor
St. Louis, MO  63105
(314) 721-7701 (telephone)
(314) 754-4811 (facsimile)
Email:  miller@capessokol.com
Email:  landfried@capessokol.com

*Attorneys for Defendant Monsanto Company*

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on this 1st day of March, 2021 a true and correct copy of the foregoing were served via electronic mail and first class mail upon the following:

John Baricevic, Esq.

Chatham and Baricevic
107 West Main St.
Belleville, IL 62220
john@chathamlaw.org

John J. Driscoll
The Driscoll Firm, LLC
1311 Ave Ponce De León
San Juan, Puerto Rico 00907

                                          */s/ Adam E. Miller*